UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN C. MCLEMORE, Chapter 7 Trustee,

    Plaintiff,

v.                                                   Civil Action No. 2:17cv428

FARRIS M. JONES,

    Defendant.

## OPINION & ORDER

This matter comes before the Court on the Report and Recommendation of the Bankruptcy Judge, Doc. 2 at 167–180, the objections of John C. McLemore, Chapter 7 Trustee for Bly-Holland Land Company, LLC (the "Trustee"), Id. at 246–69, and the objections of Defendant Farris M. Jones ("Jones"), Id. at 180–84. For the reasons stated herein, the Court **SUSTAINS** the Trustee's objections **IN PART** and **RECOMMITS** the matter to the bankruptcy court.

### I.    BACKGROUND

Neither Party objects to the recitation of the procedural and factual background of this case contained in the R&R, instead only objecting to the legal effect of the background. See generally id. at 180–84, 246–69. A limited portion is relevant to the procedural question presented in the R&R regarding the status of Count I of the complaint, and thus, only that portion need be recounted here.

On September 2, 2015, Debtor Bly-Holland Land Company, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Id. at 169. On September 30, 2015, Jones filed a motion seeking relief from the automatic stay to allow him to pursue remedies in

state court against the Debtor's commercial sports facility (the "Property"). Id. at 169–70. On December 16, 2015, the Trustee requested authority to sell the Property and filed a complaint initiating an adversary proceeding. Id. at 170.

On January 20, 2016, the Parties appeared before the bankruptcy court and represented their intent to settle the pending motions and adversary proceeding. Id. Their proposal involved allowing the Trustee until February 29, 2016, to sell the Property and distribute the proceeds. Id. The bankruptcy court approved the compromise at a hearing on February 2, 2016, and in an Order dated February 9, 2016. Id. at 171.

Beginning on June 3, 2016, the Parties filed various motions reflecting that the Trustee had failed to timely sell the Property and that the settlement had failed. Id. The bankruptcy court determined in light of that failure that it should reissue summons for the adversary proceeding and have the Trustee serve the complaint on Jones. Id. at 172. The Trustee served the summons and complaint on Jones on July 21, 2016. Id.

On August 15, 2016, Jones moved to dismiss all five (5) counts of the complaint. Id. Once the Motion to Dismiss was ripe, the Court held a hearing on November 15, 2016, and subsequently dismissed Counts I–III with leave to amend in an Order dated December 5, 2016. Id. at 172–73; see also id. at 11–16 (a copy of the dismissal Order). On Count I, the bankruptcy court found that the Trustee could not state a claim for constructive trust under Virginia law because Jones had committed no misconduct and was not unjustly enriched. Id. at 13, 173.

On December 21, 2016, the Trustee filed an Amended Complaint. Id. at 174. Under Count I, he pled as follows:

> This Count has been removed pursuant to the Court's Order entered on December 5, 2016 granting Mr. Jones' Rule 12(b)(6) Motion with regard to Count II [sic] of the Complaint. It is not intended as a waiver of this claim.

2

Id. at 36 (Am. Compl. ¶ 42). He pled similarly for Count II while adding facts to renew Count III in the Amended Complaint. Id. at 174.

On January 6, 2017, Jones filed a Renewed Motion to Dismiss the Amended Complaint. Id.; see also id. at 83–93 (a copy of the motion). The Renewed Motion to Dismiss did not address Counts I and II, instead discussing only Counts III–V. Id. at 174–75. It stated as follows regarding Counts I and II:

> Final disposition of the non-re-pled legal theories of constructive trust (Count I) and equitable subordination (Count II) remains subject to this Court's report and recommendation to the district court, the submission objections and supporting statements by the parties, and entry of a final order.

Id. at 86 (Renewed Motion to Dismiss ¶ 10). At a pretrial conference on January 31, 2017, the Trustee indicated that he would voluntarily dismiss Counts II–V of the Amended Complaint, and the bankruptcy court dismissed those Counts with consent of the Parties. Id. at 175. Because of the dismissal of all but one (1) of the Counts, the bankruptcy court ORDERED further briefing on Count I and set a hearing for March 7, 2017, on whether to dismiss that Count. See id. at 100–03.

At the hearing on March 7, 2017, the bankruptcy court sua sponte raised the issue of the procedural status of Count I in light of the procedural history of the case and Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001). Id. at 103–05. The bankruptcy court asked the Parties to brief the issue and issued an Order on March 9, 2017, setting briefing deadlines regarding the procedural status of Count I. Id. After reviewing the briefs, the bankruptcy court issued an R&R RECOMMENDING that this Court GRANT the Renewed Motion to Dismiss as to Count I pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Id. at 179. On August 8, 2017, Jones filed an objection, id. at 180–84, and the Trustee filed objections, id. at 246–69. On August 22, 2017, Jones responded to the Trustee's objections, Doc. 5, and the

Trustee responded to Jones's objection, Doc. 6.

## II. LEGAL STANDARD

District courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)–(b) (2017). Each district court may refer such proceedings to bankruptcy judges for the district. Id. § 157(a). Bankruptcy judges may enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11...." Id. § 157(b). "In non-core proceedings, by contrast, a bankruptcy judge may only 'submit proposed findings of fact and conclusions of law to the district court.'" Stern v. Marshall, 131 S. Ct. 2594, 2596 (2011) (quoting 28 U.S.C. § 157(c)(1)). The district court reviews de novo any portion of the report and recommendation to which a party objected. 28 U.S.C. § 157(c)(1) (2017); Fed. R. Bankr. P. 9033. Failure to timely object waives the right to appeal the district court's adoption of the report and recommendation. In re Nantahala Vill., Inc., 976 F.2d 876, 880 (4th Cir. 1992).

## III. ANALYSIS

The Trustee raises two (2) objections to the R&R, and Jones raises one (1) "protective" objection. The Trustee (1) objects to treating the reservation of rights language in the Amended Complaint as an amendment of the substance of Count I and (2) objects to using the Renewed Motion to Dismiss as the vehicle to address Count I because that motion did not seek dismissal of Count I. Id. at 246–48. He also argues that this Court may reach the merits of Count I under its authority to "modify" the R&R. Id. at 264 (citing Fed. R. Bankr. P. 9033). Jones objects to the bankruptcy court's failure to reach the merits in order to preserve his right to address the issue in this Court. See id. at 181.

The Fourth Circuit has never addressed what a plaintiff must do to preserve a dismissed claim when granted leave to amend. "As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). The Fourth Circuit has also stated that a rule requiring re-pleading of claims dismissed without leave to amend would be "needlessly formalistic." Id. at 572. It expressed no view on whether claims dismissed with leave to amend must be re-pled. Id. at 573 n. 4.

While this Circuit has no rule on point, at least (2) other circuits have addressed essentially the same issue.[1] The Fifth Circuit holds that "'[A] plaintiff, by filing an amended complaint after a dismissal with leave to amend, [is] not barred from raising on appeal the correctness of the dismissal order.'" Williams v. Wynne, 533 F.3d 360, 365 (5th Cir. 2008) (quoting Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1238 (5th Cir. 1978), vacated on other grounds, 444 U.S. 959 (1979)). That court has explained that requiring a plaintiff to re-plead a claim dismissed on the merits would violate the court's interest in judicial efficiency. Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc., 787 F.3d 716, 724 (5th Cir. 2015). The Seventh Circuit reached the same conclusion about a dismissal with leave to amend, stating that "[i]t is not waiver—it is prudence and economy—for parties not to reassert a position that the trial judge has rejected." Bastian v. Petren Res. Corp., 892 F.2d 680, 683 (7th Cir. 1990).

The bankruptcy court does not address the waiver issue, instead construing the reservation of rights language in the Amended Complaint as the substance of Count I. See Doc. 2 at 176–78 & n. 10. It apparently reached this conclusion by applying the general Fourth Circuit rule that an amended pleading supersedes the original. See id. Only the Ninth Circuit

---

[1] An R&R to a district court and an appeal to a circuit court are not exactly the same procedural posture, but the reasoning behind pleading standards on appeal applies equally to pleading standards on R&R because both standards address what claims are preserved for review.

ever applied that general rule without exception, and it has since abandoned that approach. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). The R&R does not indicate why the bankruptcy court believes that the Fourth Circuit would rigidly apply the rule here.

This Court disagrees with the bankruptcy court's prediction of how the Fourth Circuit would address this pleading issue. The Fourth Circuit's holding in Young is an exception to the rigid general rule regarding amended pleadings, see 238 F.3d at 573, which indicates that the court is amenable to the less rigid approach used in other circuits. Furthermore, it appears that several circuits treat reservation of rights language as a valid way of preserving a dismissed claim for review. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007) (citing Smith v. Nat'l Health Care Servs. of Peoria, 934 F.2d 95, 98 (7th Cir. 1991)) ("We do not adopt a rigid requirement as to what a plaintiff must do to stand on a dismissed complaint. Adding a section to an amended pleading specifically preserving the claim certainly suffices.") This Court believes that the Fourth Circuit would followed the approach of the Third, Fifth, and Seventh Circuits outlined herein and treat the reservation of rights language as preserving Count I in the original complaint for review, not as an amendment eviscerating the substance of Count I. Accordingly, this Court **FINDS** that the Trustee properly preserved Count I of the original complaint for District Court review and **SUSTAINS** the Trustee's objection on that issue. Because sustaining that objection undermines the recommendation of the R&R, the Court need not further address the remaining objections.

Both Parties also invite this Court to address the merits of Count I as originally pled. See Doc. 2 at 183, 264. This Court does not have the full merits briefing in the record on review, see generally id., and would have to reconstruct the record from the objection briefing in order to

reach the merits. It is also unclear that this Court has the authority to perform such a reconstruction, as using de novo review of the R&R or the power to modify the R&R to essentially re-write it would be quite an expansive reading of this Court's power under 28 U.S.C. § 157(c)(1) and Rule 9033, and neither Party has cited any authority in support of such a reading. Furthermore, the better approach would be to allow the bankruptcy court to fully address the merits in the first instance because it undoubtedly has extensive familiarity with the record in this multi-year case. Thus, the Court **RECOMMITS** this matter to the bankruptcy court to address the merits of Count I as pled in the initial complaint and to prepare an R&R regarding whether this Court should dismiss that Count.

## IV. CONCLUSION

For the reasons stated above, the Court **SUSTAINS** the Trustee's objections **IN PART**, **FINDING** that the Trustee properly preserved Count I of the original complaint for District Court review, and **RECOMMITS** this matter to the bankruptcy court to address the merits of Count I as pled in the initial complaint and prepare an R&R regarding whether this Court should dismiss that Count.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 6, 2017